**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**

**IN RE: VEL MARIE DIXON**                                       **CASE NO. 10-51214-KMS**

**DEBTOR**                                                                **CHAPTER 13**

**MEMORANDUM OPINION AND ORDER OVERULING**
**TRUSTEE'S OBJECTION TO CONFIRMATION OF PLAN**

This matter came on for hearing on September 13, 2010, (the "Hearing") on the Objection to Confirmation (the "Objection") filed by the Chapter 13 Trustee, J.C. Bell (the "Trustee"). (Dkt. No. 18). At the Hearing, Paul Caston appeared on behalf of the Debtor, Vel Marie Dixon ("Dixon"), and Sam Duncan appeared on behalf of the Trustee. Counsel for both parties presented arguments at the Hearing.

The Trustee's Objection initially rested on two points. The first concerned the proposed plan's treatment of a forty-six inch television set; this issue was resolved during the Hearing.[1] However, an agreement could not be reached as to the second issue raised by the Trustee, which was the question of what dollar amount Dixon was entitled to exempt in regard to her homestead. At the Court's request, both parties submitted post-hearing briefs regarding this issue.[2] Considering the briefs and the pertinent legal authorities, the Court, for the reasons which follow, finds that the Trustee's Objection should be **OVERRULED**.

---

[1] The Trustee initially questioned why Dixon had not crammed down the value of a forty-six inch television in her plan. During the Hearing, the Debtor informed the Trustee that the television was purchased within the year preceding the bankruptcy, and therefore, under 11 U.S.C. § 1325(a)(9), the value of this piece of property could not be crammed down. The Trustee accepted this argument and withdrew his objection on this point.

[2] After the Hearing, this case was reassigned from Judge Neil Olack's docket to the author's docket.

## I. JURISDICTION

The Court has jurisdiction of the parties to and the subject matter of this proceeding pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157 (b)(2)(A),(B) and (L).

## II. BACKGROUND

The facts noted herein are not disputed by the parties. Dixon initiated the instant Chapter 13 bankruptcy case on May 25, 2010. She is married, but has filed this bankruptcy independent of her husband. She is the primary breadwinner in her household, earning approximately $2,034 per month working as a pharmacy technician. Her non-filing spouse receives $1,493 per month in Social Security Disability benefits. Dixon's schedules show two secured claims, one is a purchase money security interest in a forty-six inch television, and the other is an auto loan secured by a lien on her vehicle. Dixon also has $93,597[3] of unsecured debt comprised of credit card debt, signature loans and the unsecured portion of her secured loans.

In her briefs, Dixon emphasizes that all of the debts listed in the schedules are hers alone. "The debtor's non-filing husband did not sign any of the instruments creating any of the debt listed by the debtor in her schedules." (Dkt. No. 26 at 2).

Dixon and her spouse own approximately 65 acres of land in Green County, Mississippi. They live in a mobile home permanently affixed to this property, and claim the mobile home and the property, corporately, as their homestead. Dixon estimates the value of this homestead is $125,000. She asserts that the property and the home are completely unencumbered by any

---

[3] Dixon's plan states that she has $92,936.00 in unsecured debt. However, when this Court adds the total amount of unsecured debt noted in schedule F ($85,896) to the unsecured portion of the secured debt as stated in schedule D ($7,701), the Court concludes that the total amount of unsecured debt is $93,597.

mortgage or deed of trust. In her brief, Dixon states that she and her husband hold this homestead property "as tenants by the entirety and not as joint tenants or as tenants in common."[4] (Dkt. No. 26 at 1).

The debtor has proposed a 48 month Chapter 13 plan in which all of her disposable income, as calculated in the schedules, is committed to the trustee. Still, under the current plan the debtor's unsecured creditors would only receive approximately 1% of what they are owed.

The Bankruptcy Code states that a Chapter 13 plan must provide unsecured creditors at least as much compensation as they would be entitled to receive in a Chapter 7 liquidation. See 11 U.S.C. § 1325(a)(4). In order to determine whether this standard is satisfied in any given case, a court must examine the bankruptcy estate to determine whether there are any assets that are neither subject to a security interest nor exempted from liquidation and distribution to creditors under the relevant laws. In a Chapter 7 case, such assets, if they may be found, would be sold and the proceeds distributed to unsecured creditors; thus, in a Chapter 13 case, a plan must ensure that unsecured creditors receive an amount equivalent to the sum value of any such assets before it is approved.

Due to their opposing views regarding the extent to which Dixon's homestead is exempt from the bankruptcy estate, the parties disagree as to whether the standard described above has

---

[4] Mississippi law provides that all conveyances of land made to two or more persons, including conveyances to husband and wife, shall be construed to create estates in common and not in joint tenancy or entirety, unless it manifestly appears from the tenor of the instrument that it was intended to create an estate in joint tenancy or entirety with the right of survivorship. See Miss. Code Ann. § 89-1-7. The record does not contain a copy of the deed conveying the homestead to Dixon and her non-filing spouse, but the Trustee does not contest the assertion that the deed creates a tenancy by the entirety in favor of Dixon and her spouse. Accordingly, the Court has rested the remainder of its analysis on Dixon's representation that she and her husband hold this self-described homestead as tenants by the entirety.

been satisfied in this case. If the homestead is fully exempt, Dixon's plan to pay her unsecured creditors approximately 1% on their respective claims is permissible. However, if Dixon has non-exempt equity in her homestead, she may have to amend her plan to ensure her unsecured creditors receive an amount equivalent to that value.

In regard to her homestead exemption, Dixon makes two arguments. First, Dixon asserts that under Mississippi law homestead property that is owned by a husband and wife as tenants by the entirety is exempt from process for claims based on debts incurred by one spouse, and therefore the entire homestead property in this case is exempt under 11 U.S.C. § 522(b)(3)(B) (hereinafter referred to as the "tenancy by the entirety argument"). In the alternative, Dixon argues that the proper method of calculating the homestead exemption under 11 U.S.C. § 522(b)(1)-(3) and Mississippi Code Annotated § 85-3-21 is as follows: divide the estimated equity in the homestead ($125,000) in half (presumably accounting for a one-half interest for each spouse), resulting in $62,500 in equity attributable to Dixon, and then apply the full state homestead exemption ($75,000) against this amount. The result under this formula would be that no homestead equity would be recognized in this bankruptcy.

In response, the Trustee first argues that Dixon should be prohibited from making the tenancy by the entirety argument since Dixon has not heretofore asserted this argument, her schedules note that she only claims the traditional state homestead exemption under Mississippi Code Annotated § 85-3-21, and, finally, Dixon has not amended her schedules in accord with this argument. Second, concerning the proper calculation of the homestead exemption under 11 U.S.C. § 522(b)(1)-(3) and Mississippi Code Annotated § 85-3-21, the Trustee suggests that the Court start with the full estimated value of the homestead ($125,000), then deduct the full

amount of the homestead exemption ($75,000). Under this formula there would be $50,000 in non-exempt equity in Dixon's homestead. The trustee would divide this non-exempt equity in half, accounting for the separate interest of each spouse, and thus require Dixon to account for $25,000 of equity in this bankruptcy proceeding.

The Court will discuss the tenancy by the entirety issue in the sections below. The result reached at the conclusion of the analysis of that issue renders moot the arguments regarding the proper calculation of the state homestead exemption under Mississippi Code Annotated § 85-3-21.

### III. DISCUSSION

### A. Is Dixon Prohibited From Making the Tenancy By The Entirety Argument?

As a threshold matter, it is necessary to address the Trustee's argument that Dixon should be estopped from asserting her tenancy by the entirety argument. On Schedule C, Dixon claimed as exempt $62,500 of the $125,000 of equity she has in her home. Dixon noted she was basing her $62,500 exemption on Mississippi Code Annotated § 85-3-21, the homestead exemption statute. Dixon raised her tenancy by the entirety argument for the first time during the Hearing and in the post-Hearing briefs requested by the Court. As noted previously, the Trustee argues that since Dixon, to date, has failed to note her tenancy by the entirety argument on her schedules and failed to make the corresponding claim that the full $125,000 of equity value in her homestead was exempt on Schedule C, Dixon should now be prohibited from making the tenancy by the entirety argument. The Trustee cites no authority in support of his position.

The Court does not agree with the Trustee. It is true that under Rule 4003 of the Federal Rules of Bankruptcy Procedure (the "Rules") and 11 U.S.C. § 522(l) Dixon is required to list the

property she claims as exempt on her schedule of assets. Additionally, due consideration of Rule 1007, requiring that schedules as proscribed by the Official Forms be filed, in combination with the jurisprudential and statutory requirement that debtors prosecute their cases in good faith, leads to the common sense conclusion that Dixon should accurately list the law or laws authorizing her exemption claims as required on Schedule C. Furthermore, the Supreme Court has recently emphasized that it is important that debtors list the specific dollar amount that they claim is exempt. See generally Schwab v. Reilly, -- U.S. --, 130 S.Ct. 2652 (2010). However, Rule 1009 provides that a voluntary schedule may be amended by the debtor as a matter of course at any time before her case is closed. "Because the exemptions are claimed as part of the schedules, the rules for amending the claim of exemptions are those for amending the schedules." 9 Collier on Bankruptcy ¶ 4003.02[2], at 4003-5 (Alan N. Resnick & Henry J. Sommer, eds., 16th ed. 2010). Courts have generally recognized that such amendments should be allowed unless there is a showing of either: (1) bad faith, or (2) prejudice to creditors or third parties. See Wood v. Premier Capital, Inc. (In re Wood), 291 B.R. 219, 228 (B.A.P. 1st Cir. 2003); In re Melber, 315 B.R. 181, 190 (Bankr. D. Mass. 2004). There has been no indication in the record that the debtor's failure to note her tenancy by the entirety argument was an act of bad faith, or that this mistake resulted in prejudice to the creditors. The Trustee was fully apprised of the tenancy by the entirety argument at the Hearing, and has had an opportunity to respond via brief. Should the Court find that the full value of Dixon's homestead is exempt on the basis of the tenancy by the entirety argument, Dixon should, and will be able to amend her schedules to match this finding. Having decided that Dixon's tenancy by the entirety argument is allowed, the Court will proceed to consider the substantive issues.

**B. Exemption Standards.**

The commencement of a bankruptcy case creates a bankruptcy estate. See 11 U.S.C. § 541. This estate is comprised of all of the "legal or equitable interests" the debtor had in property at the time the debtor filed the bankruptcy petition. 11 U.S.C. § 541(a)(1). Neither party in this case disputes that under a plain text reading of the Bankruptcy Code Dixon's interest in her homestead is included in the bankruptcy estate. See generally In re Cordova, 394 B.R. 389, 392 (Bankr. E.D. Va. 2008) (debtor's interest in entireties property was initially included in the bankruptcy estate but later held to be exempt considering the federal exemption scheme which incorporated state common law); Logan v. Williams (In re Williams), 400 B.R. 479, 491-92 (Bankr. D. Md. 2008) (same).

After an estate is created, a debtor may, under section 522(b) of the Bankruptcy Code, exempt certain property from the estate and consequently remove the property from the reach of the debtor's creditors. See Barber v. K-B Bldg. Co. (In re Barber), 339 B.R. 587, 591 (Bankr. W.D. Penn. 2006); Raynard v. Rogers (In re Raynard), 354 B.R. 834, 838 (B.A.P. 6th Cir. 2006). Exemptions are designed to help the debtor begin life anew after the completion of the bankruptcy proceedings. See Rousey v. Jacoway, 544 U.S. 320, 325, 125 S.Ct. 1561, 1565 (2005). For purposes of this case, the Court specifically notes that Section 522(b)(1), taken together with section 522(b)(3)(B), states, in pertinent part, that:

> [A]n individual debtor may exempt from property of the estate . . . any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety . . . to the extent that such interest as a tenant by the

> entirety . . . is exempt from process under applicable nonbankruptcy law. [5]

11 U.S.C. § 522(b)(3)(B). Section 522(b)(3)(B) does not provide a mechanical formula for determining the "applicable nonbankruptcy law" referenced therein. However, considering the relevant case law, this Court finds that the "applicable nonbankruptcy law" discussed in section 522(b)(3)(B), at least for purposes of this case, is the law of the "situs of the asset that is held by the debtor in bankruptcy as a tenant by the entireties." In re Garrett, 435 B.R. 434, 455-56 (Bankr. S.D. Tex. 2010) (citations and quotations omitted); In re Holland, No. 05-58959, 2009 WL 2971087, at *1 (Bankr. N.D. Ill. Sept. 8, 2009); see also 4 Collier on Bankruptcy ¶ 522.10[3], at 522-85 (Alan N. Resnick & Henry J. Sommer, eds., 16th ed. 2010). Accordingly, since Dixon seeks to exempt her Mississippi homestead, this Court will consider whether Dixon's homestead is exempt from process under Mississippi law and therefore exempt from her bankruptcy estate under 11 U.S.C. § 522(b)(3)(b).

As used in 522(b)(3)(B), "exempt from process," means that under state law the property at issue is immune from the collection efforts of creditors. See 4 Collier on Bankruptcy ¶ 522.10[3], at 522-85 (Alan N. Resnick & Henry J. Sommer, eds., 16th ed. 2010). In other

---

[5] The Trustee argues that the phrase "applicable nonbankruptcy law" in 11 U.S.C. § 522(b)(3)(B) means that there must be a specific Mississippi statute that explicitly states that an individual's interest in property held as a tenant by the entirety is exempt from process. He asserts that the common law cannot constitute "applicable nonbankruptcy law." The Trustee cites no authority in support of his argument, and this interpretation of section 522(b)(3)(B) finds no support in a plain reading of the statute. Therefore, the Trustee's argument on this point is rejected. In conjunction with the other findings noted above, the Court finds that the common law of Mississippi constitutes applicable nonbankruptcy law under 11 U.S.C. § 522(b)(3)(B). See Clark v. Luvel Dairy Prods., Inc., 731 So.2d 1098, 1104-05 (Miss. 1998) (Mississippi is a common law state, common law rules adopted by Mississippi institutions and not repealed by the Legislature or varied by usage are in force); see also J.H. Cooper, Interest of Spouse in Estate by Entireties as Subject to Satisfaction of His or Her Individual Debt, 75 A.L.R.2d 1172 (citing cases from around the nation which make similar findings).

words, this Court must determine whether, under the circumstances presented in the case at bar, Mississippi would allow Dixon's creditors, as part of their collection efforts, to acquire an enforceable judgment lien against all or part of Dixon's homestead property, or title thereto by sale or execution. See Napotnik v. Equibank and Parkvale Sav. Ass'n, 679 F.2d 316, 319 (3d Cir. 1982); In re Holland, No. 05-58959, 2009 WL 2971087, at *2 (Bankr. N.D. Ill. Sept. 8, 2009).

**C. Mississippi Law.**

As early as 1868, the high court of Mississippi explicitly recognized that the common law concept of estates by the entirety was in force in the state. See Hemingway v. Scales, 42 Miss. 1, 12-13 (1868).[6] Furthermore, the Mississippi legislature has statutorily preserved the right of a husband and wife to own land in this manner. See Miss. Code. Ann. 89-1-7; Ayers v. Petro, 417 So.2d 912, 916 (Miss. 1982).

An estate by entirety is a peculiar type of institution, which may only exist between a husband and wife. See Ayers, 417 So.2d at 913-14. Although an estate by entirety is similar to a joint tenancy, the Mississippi Supreme Court has emphasized that there are some fundamental differences between the two types of estates.

---

[6] The Mississippi Supreme Court has provided the following commentary regarding the *Hemingway* decision:

> The cases cited in volume 42 Miss. were the opinions of a tribunal appointed by the military satrap and have no binding authority but must be regarded as res judicata. Lusby v. Kansas City, Memphis & Birmingham Railroad Co., 73 Miss. 360, 19 So. 239 (1896). However, the rationale of *Hemingway* . . . has received full endorsement by this Court on a number of occasions. See Ayers v. Petro, 417 So.2d 912, 914 (Miss.1982); Cuevas v. Cuevas, 191 So.2d 843, 850 (Miss.1966); McDuff v. Beauchamp, 50 Miss. 531, 535 (1874).

Newton v. Long (In re Estate of Childress), 588 So.2d 192, 195 n.4 (Miss. 1991).

> The unities of time, title, interest, and possession are common to both [a joint tenancy and an estate by the entirety,] but in an estate by entirety there is an additional unity, namely, that of person. Strictly speaking, a tenancy by entirety is not a joint tenancy but is a sole tenancy, and, while the two estates resemble each other and possess some qualities in common, yet they differ both in form and substance and are distinguishable, and it has been said that the disfavor with which the courts look on joint tenancies does not extend to estates by entirety. The seizin of the tenants distinguishes the two estates, and a marked, and perhaps the principal, distinction lies in the possibility of severance and destruction.

Id. (quoting 41 C.J.S., Husband and Wife, § 33(b)).

As noted in the quotation above, by virtue of "lawful *hocus-pocus*," if a property is granted to a husband and wife as tenants by the entirety, the law treats the property as if it is owned by a third, fictional corporate entity consisting of the combined legal personas of the husband and wife. Hemingway, 42 Miss. at 6 (emphasis in original) (Geo. L. Potter, for the plaintiff in error)[7]; see also Newton v. Long (In re Estate of Childress), 588 So.2d 192, 194-95 (Miss. 1991) ("there is but one estate held by only one 'person' –the marriage itself"); In re Barber, 339 B.R. at 592 ("Husband and wife are treated as though they were a corporate entity."). Each spouse is simultaneously "seised of the *whole* estate and not an undivided half interest." Newton, 588 So.2d at 198 (emphasis in original).

Several incidents of this form of estate are established in Mississippi's case law. For instance, in contrast to a joint tenancy, which may be destroyed by one of the joint tenants conveying his undivided interest to a third party, an estate in entirety "may not be terminated by the unilateral action of [either the husband or wife] because they take by the entireties and not by

---

[7] It appears that during the time period when *Hemingway* was published, it was customary to print the arguments of the parties in the reporter along with the opinion of the Court. Throughout this opinion, the Court has noted, by way of parenthetical, when it is quoting from the printed arguments of counsel, rather than the Court's official opinion.

moieties."[8] Ayers, 417 So.2d at 914. Additionally, upon the death of one spouse, the other spouse continues in their possession of the whole estate. See Hemingway, 42 Miss. at 13; see also id. at 7 (nothing accrues to the survivor, he or she takes by virtue of their old title, being all the time seised of the whole estate) (J.Z. George, for the defendant in error). Furthermore:

> While the marriage exists, neither husband nor wife can sever this title so as to defeat or prejudice the right of survivorship in the other, and a conveyance executed by only one of them does not pass title. Cuevas v. Cuevas, 191 So.2d 843 (Miss.1966); McDuff v. Beauchamp, 50 Miss. 531 (1874); Hemingway v. Scales, 42 Miss. 1 (1868).

Ayers, 417 So.2d at 914.

Regarding the question at hand, the Mississippi Supreme Court has never *explicitly* stated, nor does any Mississippi statute specifically pronounce, that an estate held by the entireties is exempt from process. However, neither an explicit statement by a state supreme court nor a specific state statute is required to satisfy the requirements of 11 U.S.C. § 522(b)(3)(B). As long as it is clear from a state's common law, under the circumstances presented, that process could not be served on the debtor's property, held as an estate by the entirety, then that property should be exempt from the bankruptcy estate. See 4 Collier on Bankruptcy ¶ 522.10[3], at 522-85 (Alan N. Resnick & Henry J. Sommer, eds., 16th ed. 2010) ("Property may be recognized as exempt under section 522(b)(3)(B) to the extent it is exempt from process under a state's common law."); In re Holland, No. 05-58959, 2009 WL 2971087, at *2 (Bankr. N.D. Ill. Sept. 8, 2009) (the exemption from process need not appear in a state's exemption statute, nor need it appear in a statute at all; nor must the statute or case law use the

---

[8] "Moiety" means "[a] half of something (such as an estate)," or, "[a] portion less than half; a small segment." Black's Law Dictionary 1026 (8th ed. 2004).

specific word exempt). Under Mississippi's common law, it is clear that Dixon's homestead would be exempt from process arising out of her unilateral actions, i.e., the debt that she incurred independent of her husband.

Mississippi case law clearly states that in an estate by entirety each spouse simultaneously is seised of the whole estate, that is title, interest and possession, and the Mississippi Supreme Court has emphasized that no *action* taken by one of the two tenants in entirety can terminate the rights of the other to the full panoply of rights in the estate. See Ayers, 417 So.2d at 913-14; Newton, 588 So.2d at 196. Allowing judgment creditors to execute process against an estate in entirety by virtue of the actions, i.e., the accumulation and non-payment of debt and the associated liability incurred by only one spouse violates these core principles. Accord In re Barber, 339 B.R. at 593.[9]

The *Hemingway* decision provides support for this finding. In *Hemingway*, one of the two tenants by entirety, the husband, died insolvent. The probate court decreed that the property held in entirety should be sold "for the payment of *his* debts." Newton, 588 So.2d at 195 (emphasis added). The *Hemingway* Court reversed the lower court's order, finding that the debts of the husband did not give his creditors the right to impinge upon the wife's right, under the principles of entirety estates, to continue in her possession of the whole estate. Hemingway, 42 Miss. at 7 and 11-13.

---

[9]In contrast to the case discussed herein, the Court recognizes that Mississippi's case law clearly states that an estate in entirety may be alienated by the *joint* act of the husband and wife. Thus, if the couple enters into a mortgage and both the husband and wife sign a deed of trust securing that mortgage, on default, the creditor may legitimately seize the collateral, even if it is held by the married couple as a tenancy by the entirety. See Newton, 588 So.2d at 196 (citing McDuff v. Beauchamp, 50 Miss. 531, 535-36 (1874)).

The Court also notes that the *Hemingway* Court specifically found that Mississippi's statutes of partition do not apply to estates in the entirety. See Hemingway, 42 Miss. at 12; Miss. Code Ann. 11-21-1, et seq.; see also Newton, 588 So.2d at 199 ("Involuntary partition of real property is not available to tenants by the entirety") (Prather, J., dissenting). This makes sense, as there is no interest attributable to only one spouse which can be seized based on the actions taken and debts owed by that spouse alone. See Newton, 588 So.2d at 198 ("each spouse is seised of the *whole* estate and not an undivided half interest"). The only interest in an estate in entirety is possessed corporately by the married couple. Id. at 194-95.

The unique immunity enjoyed by tenants in entirety from process arising out of the liabilities incurred by only one spouse certainly could give rise to abuse. However, the Court's decision today is the natural fruit of entirety principles reaffirmed consistently over the years by the Mississippi Supreme Court. Indeed, the Mississippi Supreme Court has stated that one of the primary purposes of this unique estate is "to protect" one spouse "from the improvidence of the other spousal tenant." Newton, 588 So.2d at 196 (citing Cuevas v. Cuevas, 191 So.2d 843, 846-47 (Miss. 1966)).[10] Today's decision comports with this policy statement. Since it is state law that creates property rights and defines their scope, unless some federal interest requires otherwise, it is generally not the purview of the federal courts to question the purposes or policies underlying such laws. See Cmty. Nat'l Bank and Trust Co. of N.Y. v. Persky (In re

---

[10] It appears that this policy has some basis in the historical origins of estates by the entirety. If a joint-tenant was convicted of a felony in pre-colonial England, the share of the jointly owned property owned by that particular joint-tenant was forfeited to the King. However, this policy did not extend to a husband and wife holding property by the entirety. No share of the property held in entirety was surrendered to the King upon the individual conviction of either spouse on felony charges. See Hemingway, 42 Miss. at 7 (J.Z. George, for the defendant in error) (citations omitted).

Persky), 134 B.R. 81, 87 (Bankr. E.D.N.Y. 1991). Finally, though it does not bear on the present analysis, the Court notes that the finding above is in accord with the findings of the majority of courts that have considered whether or not estates held by the entirety are exempt from process for liabilities and debts incurred through the actions of one spouse. See J.H. Cooper, Interest of Spouse in Estate by Entireties as Subject to Satisfaction of His or Her Individual Debt, 75 A.L.R.2d 1172, §2 ("In a majority of jurisdictions, it has been held that a creditor of an individual spouse cannot reach the spouse's interest in an entirety estate during the joint lives of the spouses.").

## IV. CONCLUSION

The primary issue before the Court is whether Dixon's Chapter 13 plan proposed to pay her unsecured creditors at least as much as they would be entitled to receive in a Chapter 7 liquidation as required by 11 U.S.C. § 1325(a)(4). The answer to that question hinged upon the determination of what amount Dixon should be allowed to exempt from the bankruptcy estate in regard to the value of her homestead. Under 11 U.S.C. § 522(b)(3)(B), Dixon may exempt the full value of her homestead if her homestead is exempt from process under Mississippi law. The Court finds that under Mississippi law, Dixon's homestead, which is stipulated to be held as an estate in entirety with her husband, is exempt from any process which could arise from the claims at issue in this case, i.e., the claims of creditors arising out of debts and liabilities incurred through the unilateral actions of Dixon. Accordingly, Dixon is entitled to exempt the full value of her homestead from these bankruptcy proceedings, and, consequently, her plan to pay her unsecured creditors 1% of the value of their claims, without more, is permissible. Given the Court's conclusion on the tenancy by the entirety issue, the parties' secondary arguments,

regarding the proper calculation of the state homestead exemption under Mississippi Code Annotated § 85-3-21, are moot.

Therefore;

**IT IS ORDERED** that the Trustee's Objection (Dkt. No. 18) is **OVERRULED**, and

**IT IS FURTHER ORDERED**, in accord with the substance of this opinion, that Dixon is to amend her schedules within fourteen (14) days of the entry of this order to accurately reflect the exemptions she claims in this bankruptcy proceeding and the law authorizing her claims.

**SO ORDERED.**